IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITTAL WELL TECH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-697-D |
| | ) |
| PROFESSIONAL WELL SERVICES, INC.; | ) |
| OPTI-LUBE, LTD. CO.; B&B VAC SERVICES, | ) |
| INC.; WELL SERVICE EQUIPMENT, LLC; | ) |
| ROBERT BRIDGE; RAMON DESOTTO; and | ) |
| LONNIE BRANNIN, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court are Defendants, B&B Vac Services, Inc. and Robert Bridge's, Motions to Dismiss[1] filed pursuant to Fed. R. Civ. P. 12(b)(6), which seek dismissal with prejudice of all Plaintiff's claims against them. Plaintiff has timely responded in opposition to the motions.

Dismissal for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *accord Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at

---

[1] Defendants B&B Vac Services, Inc. and Robert Bridge filed separate motions to dismiss. The motions are identical and Plaintiff's response to each motion is identical. This Order addresses both motions, and references to "Movants" mean B&B Vac Services, Inc. and Robert Bridge.

1964-65 (citations omitted). The question to be decided is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

Plaintiff brings suit under federal diversity jurisdiction to recover personal property and damages for the alleged taking of a Crane Carrier swabbing rig. Plaintiff asserts legal theories of conversion, replevin and fraud. Movants seek the dismissal of all claims, contending they are barred by the statute of limitations.[2] Movants also request dismissal of Plaintiff's claim for fraud, alleging that Plaintiff has failed to plead the claim with particularity as required under Fed. R. Civ. P. 9 (b).

## Statute of Limitations

Movants assert that Plaintiff's claims for conversion, replevin and fraud are barred by the statute of limitations. "Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 n. 3 (10th Cir. 1999), *overruled in part on other grounds*, *Boyer v. Cordant Technologies, Inc.*, 316 F.3d 1137, 1140 (10th Cir. 2003).

Section 95(A)(3) of Title 12 of the Oklahoma Statutes states:

> Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: … **Within two (2) years**: An action for trespass upon real property; **an action for taking**, detaining, or injuring **personal property**, **including actions for**

---

[2] These defendants also discuss an alleged failure to abide by an arbitration provision in the parties' contract, but do not expressly request that the Court compel arbitration, arguing instead that the complaint be dismissed "so as to allow Plaintiff to initiate arbitration" or alternatively, that the case be "transferred back" to Oklahoma County District Court. *See* Defs.' Mot. Dism. at 4. It is not necessary for the Court to reach these arguments, but they are addressed briefly *infra*.

> **the specific recovery of personal property**; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; **an action for relief on the ground of fraud--the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud**. …

OKLA. STAT. tit. 12, § 95(A)(3) (2000) (emphasis added).

The Amended Complaint alleges that the acts of conversion occurred in March of 2003 and January of 2006, respectively for different defendants.[3] No other dates, relevant to the limitations period, are mentioned in the Amended Complaint. Accordingly, Plaintiff should have filed its complaint before March of 2005 or, at the latest, before January of 2008. Plaintiff commenced this action on July 10, 2008. Thus, Plaintiff's claims for conversion and replevin are barred by the statute of limitations.[4]

Although, as stated in the above-quoted statute, Plaintiff's claim for fraud is tolled until the discovery of the fraud, the Amended Complaint asserts no date of discovery other than the dates of sale, in March of 2003 and January of 2006. Accordingly, Plaintiff should have filed its complaint before March of 2005 or before January of 2008. Plaintiff's claim for fraud is, therefore, barred by the statute of limitations.

---

[3] "In March 2003, Defendant B&B Vac Services, Inc., sold the unit to Opti-Lube, Ltd. Co." "On January 9, 2006, Opti-Lube, Ltd. Co. … sold the swabbing rig to Well Service Equipment, LLC… ." Am. Compl. at 2, ¶¶ 9, 10.

[4] Oklahoma case law indicates that the discovery rule applies to claims of conversion and replevin under OKLA. STAT. tit. 12, § 95, thereby permitting the limitations in tort cases to be tolled until the injured party knows, or in the exercise of due diligence, should have known of the injury. *See Kordis v. Kordis*, 37 P.3d 866, 869, n. 3 (Okla. 2001); *In re 1973 John Deere 4030 Tractor*, 816 P.2d 1126, 1128 (Okla. 1991). The Amended Complaint, however, does not plead any discovery date different from the dates of sale in March of 2003 and January of 2006. Therefore, based on the allegations in the pleading, Plaintiff's conversion and replevin claims are not subject to tolling and are barred.
   Further, the Amended Complaint indicates that Plaintiff filed suit in state court on May 18, 2006, and Plaintiff's claims were dismissed without prejudice on January 23, 2008. Am. Compl. at 3, ¶ 12. Section 100 of Title 12 of the Oklahoma Statutes provides a savings clause that extends the statute of limitations for one year under certain circumstances. OKLA. STAT. tit. 12, § 100 (2000) ("If any action is commenced within due time, and … the plaintiff fail in such action otherwise than upon the merits, the plaintiff … may commence a new action within one (1) year after the … failure although the time limit for commencing the action shall have expired before the new action is filed."). The savings clause may toll the running of the statute of limitations in this case, but whether the claims dismissed by the state court are the same claims brought before this Court is not disclosed in the Amended Complaint. This Court therefore cannot rule based on Plaintiff's pleading that the claims asserted by Plaintiff are not time barred.

**Fraud - Pleading with Particularity**[5]

Movants assert that Plaintiff has failed to plead fraud with particularity, as required under Fed. R. Civ. P. 9 (b). In Oklahoma, "to pursue [a] claim for fraud, Plaintiffs must prove a) Defendant made a material representation; b) that the representation was false; c) Defendant knew it was false or made it recklessly, without regard for its truth; d) Defendant made it with the intention that Plaintiff act upon it; and e) injury was suffered by Plaintiff as a result." *McCain v. Combined Communications Corp. of Okla., Inc.*, 975 P.2d 865, 867 (Okla. 1998) (citations omitted). Plaintiff has pled, in general, that Defendants made false representations as to ownership of the swabbing rig, that Defendants knew or should have known they had no right of possession, and that Plaintiff suffered as a result of the false representations. But Plaintiff has not pled that Defendants made the false representations with the intention that Plaintiff act upon them. Further, to meet the specificity requirement, a party alleging fraud must set forth "the *time*, *place and contents of the false representation, the identity of the party making the false statements and the consequences thereof*." *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000))(emphasis added). The Amended Complaint does not set forth with specificity the time, place and contents of the false representation, the specific identity of the party making the false statements, or the consequences thereof. Plaintiff has thus failed to plead all of the elements constituting fraud and has failed to plead fraud with particularity.[6]

---

[5] This ground for dismissal is discussed in light of the possibility that Plaintiff could elect to reassert its claims in a new pleading, since the dismissal here is without prejudice.

[6] Movants assert that Plaintiff's claims were previously dismissed from Oklahoma County District Court because Plaintiff refused to comply with a court order to commence arbitration. Movants do not expressly request that the Court compel arbitration, arguing instead that the complaint be dismissed "so as to allow Plaintiff to initiate arbitration" or alternatively, that the case be "transferred back" to Oklahoma County District Court. *See* Defs.' Mot. Dism. at 4.

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. A Rule 12(b)(6) motion is not the proper procedural device to request dismissal for enforcement

**Conclusion**

Because it appears that Plaintiff's claims for conversion, replevin, and fraud are barred by the statute of limitations, and because Plaintiff has failed to plead fraud with particularity, Movants are entitled to the dismissal of all claims asserted against them.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss [Doc. Nos. 6 and 8] are GRANTED, and Plaintiff's claims against Defendants B&B Vac Services, Inc. and Roberts Bridge are dismissed without prejudice to reassertion.

IT IS SO ORDERED this 2nd day of December, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

of a state court order to arbitrate. If Movants are seeking to compel arbitration, a motion for an order compelling arbitration could have been filed in this action pursuant to the Federal Arbitration Act, 9 U.S.C. § 4. Movants' alternative request that this Court "transfer" the case back to state court is completely meritless as this Court has no power to do so. A federal court is only permitted to transfer a case to another federal court; federal courts are not permitted to "transfer" cases to state courts. *See* 28 U.S.C. § 1404; *see also Quarles v. U.S., ex rel. Bureau of Indian Affairs*, 2006 WL 2645131, at *3 (N.D. Okla. Sept. 12, 2006).