IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITTAL WELL TECH, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-08-697-D ) |
| PROFESSIONAL WELL SERVICES, INC.; OPTI-LUBE, LTD. CO.; B&B VAC SERVICES, INC.; WELL SERVICE EQUIPMENT, LLC; ROBERT BRIDGE; RAMON DESOTTO; and LONNIE BRANNIN, | ) ) ) ) ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendants Professional Well Services, Inc.,[1] Well Service Equipment, LLC and Ramon DeSotto's Motion to Dismiss, or, in the Alternative, to Transfer Venue [Doc. No. 14].[2] Movants seek dismissal of the action against them pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. If the claims are not dismissed, Movants seek a permissive transfer of venue to the District of New Mexico pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes the Motion in all respects. Movants have filed an authorized reply brief. The matter is thus at issue.

The Amended Complaint states Plaintiff is an Oklahoma limited liability company owned by citizens of Oklahoma, which has its principal place of business in Oklahoma. Plaintiff alleges that Professional Well Services, Inc. is incorporated and has its principal place of business in New

---

[1] The Court utilizes the corporate name that appears in Plaintiff's pleadings, but notes that Defendants refer to the corporation as "Professional Well Service, Inc."

[2] Other defendants have filed separate motions that raise similar issues. This Order addresses only the Motion of Defendants Professional Well Services, Inc., Well Service Equipment, LLC and Ramon DeSotto, and all references to "Movants" in this Order mean Professional Well Services, Inc., Well Service Equipment, LLC and Ramon DeSotto.

Mexico; that Ramon DeSotto is a resident of New Mexico, president of Professional Well Services, Inc., and "sole proprietor" of Well Service Equipment, LLC; and that Well Service Equipment, LLC is a limited liability company owned by citizens of New Mexico, which has its principal place of business in New Mexico. Plaintiff brings suit under federal diversity jurisdiction to regain possession of a Crane Carrier swabbing rig and to recover damages for its alleged taking by Defendants. Plaintiff asserts legal theories of conversion, replevin, and fraud.

The Amended Complaint alleges that B&B Vac Services, Inc. (a New Mexico corporation with whom Plaintiff had an agreement for gas production services) took possession of the rig while it was operating on tribal land of the Jicarilla Apache Tribe in New Mexico. Plaintiff further alleges that B&B Vac Services, Inc. sold the rig in March, 2003, to Opti-Lube, Ltd. Co. (a New Mexico corporation with its principal place of business in New Mexico), and that Opti-Lube, Ltd. Co. acting through its alleged owner, Lonnie Brannin (also a New Mexico resident), sold the rig in January, 2006, to Well Service Equipment, LLC through its owner, Mr. DeSotto. Plaintiff claims that Opti-Lube, Ltd. Co. "represented to Well Service Equipment, LLC through its bill of sale that it was the lawful owner of the swabbing unit" but that "neither of the parties knew or had reason to believe that Opti-Lube, Ltd. Co. was the lawful owner of the rig at the time the sale was made" because Opti-Lube, Ltd. Co. never attempted to pass title. *See* Am. Compl. ¶ 10. The Amended Complaint states: "The swabbing unit was at all times relevant to this Complaint titled in Oklahoma in the name of Mittal Well Tech, LLC." *See* Am. Compl. ¶ 11.

The Amended Complaint alleges that Plaintiff attempted to recover the swabbing rig from Professional Well Services, Inc. and Well Service Equipment, LLC but was prevented by a county sheriff in New Mexico, Professional Well Services, Inc. and Mr. DeSotto. According to the Amended Complaint, "Professional Well Services, Inc. and Ramon DeSotto entered into an

agreement with the Office of the Sheriff in San Juan County, New Mexico, that the rig would remain on their property and that all equipment attached to the rig would remain until Plaintiff's dispute with Defendants was settled." *See* Am. Compl. ¶ 13.  In addition, the Amended Complaint alleges that Well Service Equipment, LLC, Professional Well Services, Inc. and Mr. DeSotto "made numerous changes to the unit while it was in their possession, without the consent of Plaintiff" and "[o]n May 9, 2006, Well Service Equipment, LLC told Plaintiff it could purchase the swabbing unit for $275,000." *See* Am. Comp. ¶¶ 14-15.

## PERSONAL JURISDICTION

Movants contend they had no relationship with Plaintiff and were innocent purchasers of the swabbing unit without any knowledge of a dispute between Plaintiff and B&B Vac Services, Inc. More important for jurisdictional purposes, Movants assert and present testimony by affidavit of Mr. DeSotto that they own no property in Oklahoma and do not engage in business in Oklahoma. Mr. DeSotto states that he has no personal or professional connection to the State of Oklahoma. They contend that Plaintiff can establish neither general nor specific personal jurisdiction over them for this action.

Plaintiff has responded by contesting Mr. DeSotto's statement that he has no connection to Oklahoma.  Plaintiff presents evidence of the written agreement of Mr. DeSotto and Professional Well Services, Inc. with the sheriff in New Mexico that the swabbing rig would remain in place "until action is settled."  *See* Pl.'s Resp. [Doc. No. 17], Ex. 1.  Plaintiff submits documentation showing a certificate of motor vehicle title issued by the State of Oklahoma listing Plaintiff as the owner of the rig.  Finally, Plaintiff presents evidence in the form of a letter written by an attorney in New Mexico on behalf of Professional Well Services, Inc. and Well Service Equipment, LLC in May, 2006, stating their position that Well Service Equipment, LLC was the lawful owner of the rig

and lawfully in possession of it but that the unit could be purchased for $275,000. The letter is addressed to an attorney in Norman, Oklahoma, whose "client" is not identified by name but who was reportedly claiming ownership of the rig and making "statements that Mr. DeSotto, Professional Well Service, Inc. or Well Service Equipment, LLC stole the Unit." *See* Pl.'s Resp., Ex. 3 at 2. According to arguments in Plaintiff's brief, the addressee of the letter was Plaintiff's counsel at that time. Based on this evidence and argument, Plaintiff contends Movants "have purposefully directed their activities at Plaintiff . . . and Plaintiff's injuries arise from those activities." *See* Pl.'s Resp. at 2.

**A.     Standard of Decision**

Plaintiff has the burden of establishing personal jurisdiction over each defendant. *Rambo v. American S. Ins. Co.*, 839 F.2d 1415, 1417 & n.3 (10th Cir. 1988). Where, as here, a Rule 12(b)(2) motion is decided on the basis of affidavits and written materials, however, Plaintiff "need only make a prima facie showing that jurisdiction exists." *Intercon, Inc. v. Bell Atl. Internet Solutions*, 205 F.3d 1244, 1247 (10th Cir. 2000); *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996); *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995). At this stage, the Court must accept uncontroverted factual allegations as true and must resolve all factual disputes in Plaintiff's favor. *Intercon*, 205 F.3d at 1247; *Kuenzle*, 102 F.3d at 456; *Far West*, 46 F.3d at 1075.

To establish personal jurisdiction of a nonresident defendant, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West*, 46 F.3d at 1074 (emphasis omitted). Under Oklahoma law, the personal jurisdiction inquiry is simply a due process analysis. *Intercon*, 205 F.3d at 1247; *Rambo*, 839 F.2d at 1416. The familiar due process standard

requires "minimum contacts" between a defendant and the forum state and a finding that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *World-Wide Volks-wagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980).

A plaintiff may satisfy the "minimum contacts" standard by establishing specific jurisdiction.[3] Specific jurisdiction exists "if a 'defendant has "purposefully directed" his activities at residents of the forum . . . *and* the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *Kuenzle*, 102 F.3d at 455 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); emphasis added in *Kuenzle*); *Intercon*, 205 F.3d at 1247. To satisfy the first prong, the plaintiff must demonstrate the defendant "'purposefully directed' its activities at the forum state . . . or 'purposely availed' itself of the privilege of conducting activities . . . in the forum state." *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008). Purposeful availment generally requires affirmative conduct by the defendant; unilateral activity of others is insufficient. *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1296 (10th Cir. 2004); *Far West*, 46 F.3d at 1075; *see Dudnikov*, 514 F.3d at 1073-74.

**B.      Analysis**

Plaintiff contends specific jurisdiction exists based on Movants' contacts with Plaintiff, an Oklahoma resident, related to the personal property at issue in the case. Plaintiff relies on two contacts, one involving activity in New Mexico and the other involving correspondence directed to Oklahoma. Plaintiff argues, first, that Movants prevented Plaintiff from taking the swabbing rig out

---

[3] In this case, Plaintiff makes no effort to establish general personal jurisdiction, which requires "continuous and systematic" contacts between a defendant and the forum state. *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l., Ltd.* 385 F.3d 1291, 1296 (10th Cir. 2004); *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

of New Mexico knowing "the property belonged in Oklahoma" and, second, that Movants offered to sell the property to Plaintiff through the communication between attorneys. *See* Pl.'s Resp. at 2. In other words, Plaintiff contends Movants purposely directed their activities at Oklahoma by exerting control over a motor vehicle to which Plaintiff held legal title under Oklahoma law and, at least as to the parties on whose behalf the New Mexico attorney corresponded, by making an offer of sale to Plaintiff in Oklahoma through Plaintiff's attorney.

Regarding the first alleged contact between Plaintiff and Movants in New Mexico, Plaintiff presents no legal authority for the proposition that Movants' conduct of resisting Plaintiff's effort to take the swabbing rig back to Oklahoma constituted a contact with Oklahoma for jurisdictional purposes. The Court's independent research has uncovered no such authority. Plaintiff has not explained the significance of the fact that the State of Oklahoma had issued a certificate of title for the rig. Arguably, like the automobile in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980), the fortuitous circumstance that a piece of machinery purchased by Movants in New Mexico from other citizens of New Mexico was previously owned, or may still be owned, by an Oklahoma resident provides an insufficient basis for an exercise of jurisdiction over Movants in Oklahoma.

Similarly, Plaintiff does not explain the jurisdictional significance of the offer to sell the property to Plaintiff, assuming the new Mexico attorney's letter was made on behalf of all Movants. Although a solicitation may sometimes provide evidence of purposeful availment, this inference generally arises in contract cases where a nonresident solicits a continuing business relationship with a state resident. *See Far West*, 46 F.3d at 1076. The offer in this case appears in the context of a "cease and desist" letter complaining of statements by Plaintiff to persons in New Mexico that were

allegedly causing harm to Movants in New Mexico. *See* Pl.'s Resp., Ex. 3 at 2. The Court finds that this circumstance does not constitute "purposeful direction" under Tenth Circuit precedent.

The court of appeals recently examined the requirements for "purposeful direction" under *Calder v. Jones*, 465 U.S. 783 (1984), which provides guidance for cases, like this one, involving claims of intentional torts or injuries to personal rights. *See Far West*, 46 F.3d at 1077. In *Calder*, the Supreme Court found personal jurisdiction for a libel action in California against Florida residents arising from an article published in the *National Enquirer* about the California activities of a California resident. The Court reasoned that the defendants' Florida conduct was aimed at California, where the subject of the article lived, worked, and suffered "the brunt of the harm, in terms both of [the plaintiff's] emotional distress and the injury to her professional reputation." *Id*. at 789-90. The court of appeals distilled from *Calder* an understanding that "purposeful direction" requires "the presence of (a) an intentional action . . . , that was (b) expressly aimed at the forum state . . . , with (c) knowledge that the brunt of the injury would be felt in the forum state . . . ." *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008). In this case, Plaintiff has failed to demonstrate that Movants engaged in intentional conduct expressly aimed at Oklahoma with knowledge of harm that would be caused to Plaintiff in Oklahoma.

Further, if Movants did purposefully direct their conduct toward Oklahoma, the Court finds that Plaintiff has not shown its injuries "arise out of" such conduct. The Tenth Circuit has endorsed the view that a causal connection must exist between a defendant's contacts with the forum and the suit at issue and that the connection must satisfy a test of either "but-for causation" or "proximate cause." *See Dudnikov*, 514 F.3d at 1078-79. Plaintiff has not demonstrated such a connection between any conduct of Movants purposefully directed at Oklahoma and the claims asserted in this

action. Therefore, the Court finds that Plaintiff has failed to make a prima facie showing that personal jurisdiction exists over Movants.

Due to the lack of personal jurisdiction, Plaintiff's action against Movants must be either dismissed or transferred, pursuant to 28 U.S.C. § 1631, to another federal district where it could have been brought. Despite Plaintiff's failure to request a transfer, this Court has discretion to order one "if it is in the interest of justice." *See* 28 U.S.C. § 1631. By separate order addressing the motions of other defendants, the Court has determined that the Amended Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See* Order 12/2/08 [Doc. No. 25]. The Court declines to cure a jurisdictional defect for claims that appear unlikely to have merit. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006); *Haugh v. Booker*, 210 F.3d 1147, 1150-51 (10th Cir. 2000). Therefore, upon consideration of the relevant factors, the Court finds that transferring Plaintiff's claims against Movants to the District of New Mexico is not warranted.

## CONCLUSION

For these reasons, Defendants Professional Well Services, Inc., Well Service Equipment, LLC and Ramon DeSotto's Motion to Dismiss [Doc. No. 14] is GRANTED due to lack of personal jurisdiction. Plaintiff's claims against these defendants (Professional Well Services, Inc., Well Service Equipment, LLC and Ramon DeSotto) are DISMISSED WITHOUT PREJUDICE to refiling in a proper forum.

IT IS SO ORDERED this 4th day of December, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE