IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITTAL WELL TECH, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-08-697-D ) |
| PROFESSIONAL WELL SERVICES, INC.; OPTI-LUBE, LTD. CO.; B&B VAC SERVICES, INC.; WELL SERVICE EQUIPMENT, LLC; ROBERT BRIDGE; RAMON DESOTTO; and LONNIE BRANNIN, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendants Opti-Lube, Ltd. Co. and Lonnie Brannin's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim [Doc. No. 23].[1] Movants seek dismissal of the action against them pursuant to Fed. R. Civ. P. 12(b)(2), (3) and (6). Plaintiff opposes the Motion in all respects. Movants have filed an authorized reply brief. The matter is thus at issue.

The Amended Complaint states Plaintiff is an Oklahoma limited liability company with its principal place of business in Oklahoma. Plaintiff alleges that Opti-Lube, Ltd. Co. is incorporated and has its principal place of business in New Mexico and that Lonnie Brannin is a resident of New Mexico and "sole proprietor" of Opti-Lube. *See* Am. Compl. ¶ 3. Plaintiff brings suit under federal diversity jurisdiction to regain possession of a Crane Carrier swabbing rig and to recover damages for its alleged taking. Plaintiff asserts legal theories of conversion, replevin, and fraud.

---

[1] Other defendants have filed separate motions that raise similar issues. This Order addresses only the Motion of Defendants Opti-Lube, Ltd. Co. and Lonnie Brannin, and all references to "Movants" in this Order mean Opti-Lube, Ltd. Co. and Lonnie Brannin.

The Amended Complaint alleges that B&B Vac Services, Inc. (a New Mexico corporation with whom Plaintiff had an agreement for gas production services) took possession of the rig while it was operating on tribal land of the Jicarilla Apache Tribe in New Mexico. Plaintiff further alleges that B&B Vac Services sold the rig in March, 2003, to Opti-Lube and that Opti-Lube acting through Mr. Brannin sold the rig in January, 2006, to Well Service Equipment, LLC (a limited liability company with its principal place of business in New Mexico) through its owner, Ramon DeSotto (a New Mexico resident). Plaintiff claims that Opti-Lube "represented to Well Service Equipment, LLC through its bill of sale that it was the lawful owner of the swabbing unit" but that "neither of the parties knew or had reason to believe that Opti-Lube, Ltd. Co. was the lawful owner of the rig at the time the sale was made" because Opti-Lube never attempted to pass title. *See* Am. Compl. ¶ 10. Plaintiff's pleading also states: "The swabbing unit was at all times relevant to this Complaint titled in Oklahoma in the name of Mittal Well Tech, LLC." *See* Am. Compl. ¶ 11.

## PERSONAL JURISDICTION

Movants contend they "have no contacts of any kind with the State of Oklahoma" and there is no basis for this Court to exercise personal jurisdiction over them in this case. *See* Motion [Doc. No. 23] at 2. Movants present the affidavit of Mr. Brannin to support this contention.[2] They contend that Plaintiff can establish neither general nor specific personal jurisdiction over them.

Plaintiff contends simply that "Defendants do have activity within Oklahoma that relates directly to Plaintiff's claims and amounts to purposeful availment of the forum." *See* Pl.'s Resp. [Doc. No. 24] at 2. Plaintiff argues in support of this contention only that the swabbing rig "is a motor vehicle which was at times relevant to this proceeding titled in Oklahoma in the name of

---

[2] Mr. Brannin attests that Opti-Lube is a limited liability company organized under New Mexico law rather than a corporation as alleged by Plaintiff. This dispute is irrelevant to the jurisdictional issues.

Plaintiff" and that "Defendants knew or should have known that the unit was titled in Oklahoma at the time Mr. Brannin held Opti-Lube out as the rightful owner of the unit and sold it to Well Service Equipment, L.L.C." *See* Pl.s' Resp. [Doc. No. 24] at 2.

**A.     Standard of Decision**

Plaintiff has the burden of establishing personal jurisdiction over each defendant. *Rambo v. American S. Ins. Co.*, 839 F.2d 1415, 1417 & n.3 (10th Cir. 1988). Where, as here, a Rule 12(b)(2) motion is decided on the basis of affidavits and written materials, Plaintiff "need only make a prima facie showing that jurisdiction exists." *Intercon, Inc. v. Bell Atl. Internet Solutions*, 205 F.3d 1244, 1247 (10th Cir. 2000); *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996); *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995). Further, the Court must accept uncontroverted factual allegations as true and must resolve all factual disputes in Plaintiff's favor. *Intercon*, 205 F.3d at 1247; *Kuenzle*, 102 F.3d at 456; *Far West*, 46 F.3d at 1075.

To establish personal jurisdiction of a nonresident defendant, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West*, 46 F.3d at 1074 (emphasis omitted). Under Oklahoma law, the personal jurisdiction inquiry is simply a due process analysis. *Intercon*, 205 F.3d at 1247; *Rambo*, 839 F.2d at 1416. The familiar due process standard requires "minimum contacts" between a defendant and the forum state and a finding that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *World-Wide Volks-wagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980).

A plaintiff may satisfy the "minimum contacts" standard by establishing specific jurisdiction, which exists "if a 'defendant has "purposefully directed" his activities at residents of the forum . . . *and* the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *Kuenzle*, 102 F.3d at 455 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); emphasis added in *Kuenzle*); *Intercon*, 205 F.3d at 1247.[3] To satisfy the first prong, the plaintiff must demonstrate the defendant "'purposefully directed' its activities at the forum state . . . or 'purposely availed' itself of the privilege of conducting activities . . . in the forum state." *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008). Purposeful availment generally requires affirmative conduct by the defendant; unilateral activity of others is insufficient. *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1296 (10th Cir. 2004); *Far West*, 46 F.3d at 1075; *see Dudnikov*, 514 F.3d at 1073-74.

**B.   Analysis**

Plaintiff apparently contends that specific jurisdiction exists based on Movants' contacts with the swabbing rig for which Plaintiff holds a certificate of title issued by the State of Oklahoma. Plaintiff presents no legal authority for the proposition that Movants' contacts with personal property in New Mexico – even assuming the validity of Plaintiff's Oklahoma title – constituted a contact with Oklahoma for jurisdictional purposes. The Court's independent research has uncovered no such authority. Arguably, like the automobile in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980), the fortuitous circumstance that Movants purchased and resold machinery in

---

[3] In this case, Plaintiff makes no effort to establish general personal jurisdiction, which requires "continuous and systematic" contacts between a defendant and the forum state. *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l., Ltd.* 385 F.3d 1291, 1296 (10th Cir. 2004); *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

New Mexico that was previously owned, or may still be owned, by an Oklahoma resident provides an insufficient basis for an exercise of jurisdiction over Movants in Oklahoma.

The Court finds Plaintiff has shown no "purposeful direction" by Movants of their activities at Oklahoma. The court of appeals recently examined this requirement under the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), which provides guidance for cases, like this one, involving claims of intentional torts or injuries to personal rights. *See Far West*, 46 F.3d at 1077. In *Calder*, the Supreme Court found personal jurisdiction for a libel action in California against Florida residents arising from an article published in the *National Enquirer* about the California activities of a California resident. The Court reasoned that the defendants' Florida conduct was aimed at California, where the subject of the article lived, worked, and suffered "the brunt of the harm, in terms both of [the plaintiff's] emotional distress and the injury to her professional reputation." *Id*. at 789-90. The court of appeals distilled from *Calder* an understanding that "purposeful direction" requires "the presence of (a) an intentional action . . . , that was (b) expressly aimed at the forum state . . . , with (c) knowledge that the brunt of the injury would be felt in the forum state . . . ." *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008). In this case, Plaintiff has failed to demonstrate that Movants engaged in intentional conduct expressly aimed at Oklahoma with knowledge of harm that would be caused to Plaintiff in Oklahoma.

Further, the Court finds that Plaintiff has not shown its injuries "arise out of" conduct by Movants that was purposefully directed at Oklahoma. The Tenth Circuit has endorsed the view that a causal connection must exist between a defendant's contacts with the forum and the suit at issue and that the connection must satisfy a test of either "but-for causation" or "proximate cause." *See Dudnikov*, 514 F.3d at 1078-79. Plaintiff has not demonstrated such a connection between any

5

conduct of Movants purposefully directed at Oklahoma and the claims asserted in this action. Therefore, the Court finds that Plaintiff has failed to make a prima facie showing that personal jurisdiction exists over Movants.

Due to the lack of personal jurisdiction, Plaintiff's action against Movants must be either dismissed or transferred, pursuant to 28 U.S.C. § 1631, to another federal district where it could have been brought. Despite Plaintiff's failure to request a transfer, this Court has discretion to order one "if it is in the interest of justice." *See* 28 U.S.C. § 1631. By separate order addressing the motions of other defendants, the Court has determined that the Amended Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See* Order 12/2/08 [Doc. No. 25]. The Court declines to cure a jurisdictional defect for claims that do not appear likely to have merit. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006); *Haugh v. Booker*, 210 F.3d 1147, 1150-51 (10th Cir. 2000). Therefore, upon consideration of the relevant factors, the Court finds that transferring Plaintiff's claims against Movants to the District of New Mexico is not warranted.

## CONCLUSION

For these reasons, Defendants Opti-Lube, Ltd. Co. and Lonnie Brannin's Motion to Dismiss [Doc. No. 23] is GRANTED due to lack of personal jurisdiction over these defendants. Therefore, Plaintiff's claims against Defendants Opti-Lube, Ltd. Co. and Lonnie Brannin are DISMISSED WITHOUT PREJUDICE to refiling in a proper forum.

IT IS SO ORDERED this 11th day of December, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE